UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LACEY RINGLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03247-JRS-DLP |
| | ) | |
| CARDINAL METAL FINISHING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL ORDER UNDER FED. R. CIV. P. 23 APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEFENDANT AND THE SETTLEMENT CLASS AND GRANTING RELATED RELIEF**

The Court has considered the joint motion ("Joint Motion") of Lacey Ringley (the "Named Plaintiff" or "Class Representative"), on behalf of herself and on behalf of the Individuals named on Exhibit A to the Settlement Agreement[1] (the "Proposed Settlement Class Members") on the one hand, and Cardinal Metal Finishing, LLC (the "Defendant"), on the other hand (sometimes collectively referred to herein as the "Parties") for the entry of an Order: (1) Preliminarily Approving the Settlement Agreement between Class Representative, on behalf of herself and the Proposed Settlement Class Members, and Defendant; (2) Approving the Form and Manner of Notice to the Proposed Settlement Class Members; (3) Scheduling a Final Fairness

---

[1] The Settlement Agreement is attached to the Memorandum in Support of the Joint Motion as Exhibit 1 (ECF No. 36-1).

Hearing for the final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement.

The Court finds as follows:

A.     The Court entered an Order on November 5, 2019 (ECF No. 48), granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opt-outs or objections to be given to all Settlement Class members;

B.     Due notice has been given to the Proposed Settlement Class Members of the proposed Settlement Agreement, the right to opt-out or object to the proposed Settlement Agreement, and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

C.     There were no objections to the Settlement Agreement and one opt-out (Michael Gabbard);

D.     The Court held a fairness hearing on January 10, 2020, to consider final approval of the Settlement Agreement;

E.     All Proposed Settlement Class Members who did not opt-out are bound by this Order and the terms of the Settlement Agreement;

F.     The terms of the Settlement Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 and the law of the Seventh Circuit for the reasons stated during the fairness hearing, including:

1. The strength of the Plaintiff's case on the merits, which may not be strong because of the number of non-part-time employees and the Defendant's "unforeseeable business circumstances" defense based on the loss of a significant amount of business, balanced against the settlement offer, which is a reasonable compromise given the risks of litigation and the fact that Defendant is no longer operating;

2. The complexity, length, and expense of litigating the issues that would needed to be resolved in order to find Defendant liable, including discovery, particularly as to the "unforeseeable business circumstances" affirmative defense;

3. There has been no opposition to the settlement;

4. Class Counsel are well-qualified, competent, and experienced in employment and class action cases, specifically including WARN Act cases, and the Court is entitled to rely heavily on their opinion that the settlement is appropriate;

5. The Parties' informal exchange of information has informed Class Counsel's opinion that the settlement is appropriate;

6. The Service Payment agreed to for the Class Representative is fair and reasonable;

7. Class Counsel's fees and litigation expenses provided for in the settlement are also fair and reasonable under the circumstances; and

    8.    All of these relevant factors favor settlement.

G.    The Settlement Agreement was negotiated at arms' length and in good faith; and the Settlement Agreement is fair, equitable and in the best interests of the Parties; and

H.    Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1. The Joint Motion is granted and the Settlement Agreement (ECF No. 36-1), attached to the Joint Motion, is APPROVED as fair, reasonable and adequate. The Parties are authorized to implement its terms.
2. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED.

Date: 1/13/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties of record via CM/ECF.